IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

LUCIO ORTIZ, etc., et al.,

                    Plaintiff,                    Case No. 3:04 CV 7685

    -vs-

                                                       MEMORANDUM   OPINION
NORFOLK & SOUTHERN                               AND   ORDER
RAILWAY CO.,

                    Defendant.

KATZ, J.

      This matter is before the Court on the motion of the Defendant to transfer venue from this District to the Northern District of Indiana, Fort Wayne Division, for the convenience of the parties and in the interest of justice.  (Doc. No. 9).  The Plaintiff has filed a memorandum in opposition and the Defendant a reply; the matter is ready for adjudication.  For the reasons stated below, the Court will deny the Defendant's motion to transfer venue.

      Briefly stated, Plaintiff brings this action individually and as Executor of his deceased brother, who was a resident of Fort Wayne, Indiana at the time of his death, which death resulted from an automobile/train accident at a railroad grade crossing in Paulding County, Ohio on October 1, 2003.  Plaintiff asserts a cause of action under Ohio's wrongful death statute.  His status as Executor is as a result of the appointment by an Indiana court.  The Defendant Railway is incorporated in and has its principal place of business in Virginia; it also is amenable to the jurisdiction of Ohio court through its operations within at least this part of the state.

Defendant asserts that the interests of justice, judicial economy and convenience of the parties "strongly favor" transfer of this case to Indiana federal jurisdiction. In support thereof it cites 28 U.S.C. § 1404(a) and multiple cases cited by this and other courts, including the Supreme Court of the United States. Of particular interest is the case of *Checuti v. Conrail*, 291 F.Supp. 2nd 664 (N.D. Ohio 2003). In that case this Court ordered transfer from this District to the Eastern District of Michigan because everything involved was more appropriately considered by a Michigan court than and Ohio court. The Plaintiff in that case lived in Michigan, the accident occurred in Michigan, the witnesses were primarily in Michigan; only some of Checuti's treating doctors and his attorneys lived in this area. Further, defendant had no offices or presence in Ohio except through its new parent, the defendant here. In contrast, the accident in the pending matter occurred in Paulding County, Ohio and, should it be necessary to have a jury view, or call eyewitnesses or those familiar with the crossing, Ohio would be the appropriate forum.

Defendant has gone to great lengths to list on pages 14 and 15 of its initial memorandum the multiple witnesses which could be called and provide relevant testimony, showing the distance of those witnesses from where they reside and/or work to Toledo as contrasted to Fort Wayne, Indiana. Frankly, that may become a problem for the Plaintiff as well as each witness, for this Court may well determine that the testimony by deposition be taken in Indiana. In any event, it is of primary importance in choosing a venue for the convenience of the parties to give deference to the place of the incident and the choice of the Plaintiff; those are extremely important considerations for a court.

Defendant in its memoranda spends a significant period of time discussing application of Indiana as contrasted to Ohio law. While the Court does not agree at this juncture that the law of

the State of Indiana will control the tort action arising from an accident in Ohio, a court sitting in Ohio is certainly as capable of applying Ohio conflicts of law principles as is a court in the State of Indiana, albeit a federal court in Fort Wayne, Indiana.

In short, this Court has considered all of the multiple factors cited by the parties for and against transfer of venue under § 1404(a) and concludes that a balancing of the factors results in a determination that Defendant's motion for transfer of venue for convenience of witnesses should be denied. Therefore, the Court will deny Defendant's motion and sets the matter for a case management conference by telephone on January 9, 2006 at 4:30 p.m.

IT IS SO ORDERED.

    s/ *David A. Katz*
    DAVID A. KATZ
    SENIOR U. S. DISTRICT JUDGE